U UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS FOLGAR et al., | CASE NO. 2:22-cv-01628-JHC |
| Plaintiffs, | ORDER |
| v. | |
| MCCULLY & GARDNER PLLC et al., | |
| Defendants. | |

    This matter comes before the Court on Plaintiffs Jesus Folgar and Blanca Folgar's Amended Complaint (Dkt. # 1–1) and Defendants McCully & Gardner PLLC and Shawn McCully's ("McCully") Notice of Removal (Dkt. # 1). McCully appears to have failed to allege an adequate basis for subject matter jurisdiction. The Court therefore orders McCully to serve and file a submission that includes information sufficient to establish the Court's jurisdiction.

    McCully asserts that the Court's jurisdiction is based on diversity of citizenship. Dkt. # 1 at 1. For purposes of assessing diversity jurisdiction, the Court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of

ORDER - 1

the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."). McCully states that because the Folgars are residents of California, Shawn McCully is a resident of Washington, and McCully & Gardner PLLC is a "Professional Limited Liability Company with its principal office in the State of Washington and is registered in Washington," complete diversity exists. Dkt. # 1–1 at 2. Yet McCully fails to allege the citizenship of any of the members of McCully & Gardner PLLC except Shawn McCully. *See generally* Dkt. # 1. Absent such allegations, the Court cannot determine if McCully has properly invoked this Court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

Accordingly, the Court ORDERS McCully to show cause why this case should not be remanded for lack of federal subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" (quoting 28 U.S.C. § 1447(c))). If McCully fails to provide the Court with the information described above within fourteen (14) days of the date of this order, the Court will remand this case to state court.

Dated this 23rd day of December, 2022.

John H. Chun
United States District Judge

---

[1] The Court notes that if any member of McCully & Gardner PLLC is itself a limited liability company, McCully must provide information about the citizenship of the members of those limited liability companies as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

ORDER - 2